Edward M. O ’Gorman, J.
This is a coram nobis proceeding. The defendant, on November 23, 1942, shortly after becoming 16 years of age, pleaded guilty in County Court, Orange County, to an indictment charging him with attempted grand larceny, as a result of which he spent five years at Elmira Reformatory. In the year 1951, he was convicted of a second felony and received a sentence of from one and one-half to two and one-half years. Defendant was thereafter convicted in March, 1955 of a felony, and was sentenced as a third felony offender, and is at present serving out the balance of a sentence of from 10 to 15 years at the Clinton State Prison at Dannemora.
Defendant has now petitioned this court to set aside the judgment of conviction and sentence based upon his original plea of guilty on November 23, 1942 in Orange County, on the grounds that at that time he was not advised of his constitutional right to be represented by counsel, and was not in fact represented by counsel at any stage of the proceedings.
At the hearing on behalf of the defendant on April 18, 1958, there was produced a copy of the original indictment and of the entries on the reverse side thereof, and in addition, a copy of a record entitled, “ Conviction and Sentence ”, dealing with the conviction on November 23,1942,
*611 The People introduced into evidence the transcript of the clerk’s minutes with respect to the proceedings on the indictment of defendant, which are in their entirety as follows:
“Indictment #1269. The People vs. Dominick Losacco. Defendant arraigned. Harold Roegner, Esq. assigned to defend, the above named defendant. * * *
“Newburgh, New York, January 19, 1943. 10:00 A. M. Indictment #1269. The People vs. Dominick Losacco. Defendant arraigned for sentence. Sentenced to the New York State Vocational Institution at West Coxsackie, New York. (C. & S. Nov. Term minutes, 1942).”
This constitutes all of the documentary evidence introduced by the parties.
The defendant took the stand and testified that he had not been advised by the court of his right to counsel, and that he appeared before the court and pleaded guilty to the indictment without counsel, and that he again appeared before the court on January 19, 1943 for sentence, and appeared at that time without counsel. Defendant produced as a witness the attorney whose name appeared in an entry on the cover of the original indictment after the word “Counsel”, and in the clerk’s minutes as set forth above, but did not appear in the record of conviction and sentence. This attorney testified that he had no recollection of ever having represented the defendant, and that he had no record in his office or diary entry indicating that he had ever been notified that he had been assigned to represent the defendant. He further testified that at the time in question, he did not handle many assigned criminal cases, and that he did not now recognize the defendant who was in court.
The final witness called by the defendant was the present clerk of the County Court, who was also serving in that capacity on November 23, 1942. The clerk testified that he was the person who made the entries in the court’s minutes on that date; that he had no independent recollection of the case, and had no independent recollection of any matter pertaining to the defendant. He testified that he made each entry in the minutes at the time that the action was taken by the Judge, and that he made the entry in the minutes that a counsel had been assigned to represent the defendant at the time the Judge actually made the assignment. He further testified that the entry on the reverse side of the indictment on which the attorney’s name appears was made subsequently, and that it was taken from the minutes which the clerk had previously made.
*612 The People, on cross-examination of the court clerk, introduced the testimony of the clerk to the effect that it was the custom of the then County Judge to advise all defendants brought before him for arraignment of their right to be represented by counsel.
The defendant testified, in support of an additional ground for setting aside his original conviction, that at the time of the commission of the offense, he was in custody at the New York State Training School at Warwick, New York, and had not reached the age of 16 years. It was conceded on the hearing that the birth date of the defendant was November 9, 1926.
Neither of the parties produced any further proof.
The County Judge before whom the defendant was originally arraigned is now deceased. The then District Attorney was not produced by the People or by the defendant, nor were any stenographer’s minutes of the proceeding produced on the hearing.
Apart from the question of the age of defendant on the date of commission of the crime, there is no serious dispute that the defendant, while an inmate of the New York State Training School at Warwick, was apprehended some time during the month of November while tampering with the wires of a truck on the grounds of the institution; that he was charged with the crime of attempted grand larceny and was indicted by the grand jury for that crime. Assuming, as is urged by the People, that the date of the offense was the 15th day of November, 1942, it is obvious that events moved swiftly thereafter. Between November 15 and November 19, an indictment was found against the defendant. On Friday morning, November 20, this indictment was handed up in Supreme Court and thereafter filed in the Orange County Clerk’s office. At 10:00 a.m. on Monday, November 23, by the clerk’s minutes, counsel was assigned to the defendant and at the same time defendant pleaded guilty to the charges against him. There is no record which now survives which indicates that the attorney then assigned to bim ever actually appeared on his behalf, or, indeed, ever was informed of the assignment.
The People, in opposing petitioner’s application to set his conviction aside, rely mainly on the presumption that the proceedings of the County Court at the time of defendant’s arraignment were in all respects regular, and that the burden is east on the defendant to prove to this court that the events were otherwise than regular. That there is a presumption of regularity which attaches to the proceedings of the court, there *613 is no question, but this presumption should not be given greater force and effect than to shift to the defendant the burden of going forward with evidence to the contrary. Once the defendant has produced evidence which shows, or tends to show, the actual situation, then the presumption of regularity is out of the case, and the court must determine whether or not the defendant’s rights were adequately protected, from whatever evidence is available to it. (People v. Richetti, 302 N. Y. 290, 298.)
This case does not deal solely with whether counsel was assigned to defendant, but with whether the court’s assignment was carried out. The clerk’s minutes establish that counsel was assigned to this defendant. The entry on the reverse side of the indictment, however, does not raise any presumption that the assigned counsel acted in that capacity, in view of the clerk’s testimony that he made the entry on the back of the indictment based solely on what he had written in the minutes of November 23,1942.
Upon the production of the attorney himself as a witness, coupled with his testimony to the effect that he had no recollection of, or record of, ever having been assigned to represent the defendant or of ever having represented the defendant, any presumption which is based upon the entry in the minutes alone loses its compelling effect. As far as the minutes of the arraignment show, unless Mr. Roegner was then and there present in court at the time of his assignment, which cannot be presumed, the plea was taken prior to any opportunity which Mr. Roegner may have had to confer with the defendant, and any conference which might have taken place must have been of extremely brief duration, since as far as the minutes are concerned, they indicate that the plea was taken at the same time.
Considering all of the factors raised during this hearing, including the serious argument as to whether or not the defendant was over or under the age of 16 years at the time he committed the crime, and considering the complications of proof which might have been involved on a trial of the original indictment as to the actual commission of the offense by the defendant, it seems to the court that before an attorney could adequately counsel this defendant, he would require substantial time to familiarize himself with the facts. Especially vis this so where, as in this case, the defendant was indicted pursuant to a short form indictment, which merely sets forth the section of the Penal Law and the name of the crime that he is accused of committing. This time could not have been taken in this case, according to the minutes. No bill of particulars was *614 apparently either demanded or furnished on defendant’s behalf. In view of the foregoing, we doubt that this defendant was old enough or intelligent enough to waive the protection afforded him by the court. (People ex rel. Sedlak v. Foster, 59 N. Y. S. 2d 477.)
This case differs from People v. Barber (276 App. Div. 1040) relied on by the People, inasmuch as the minutes and the evidence in this case indicate that the defendant could not have had adequate protection, and we are only left in doubt as to the cause of this situation.
It is most probable that these matters were not called to the attention of the court at the time, and the court, by making the assignment, having set in motion the machinery for supplying counsel to the defendant, assumed that its direction was carried out.
It is further conceivable that the fact of the assignment was never communicated to the attorney assigned. His lack of a record would seem to bear this out.
The terse minutes of this proceeding leave all these matters to conjecture, and, in the court’s opinion, require that the conviction be set aside. (See Flynn v. People, 117 N. Y. S. 2d 545.)
This result makes it unnecessary to determine the question of the age of the defendant at the time of the commission of the offense.
Submit order.